IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





 WR-26,254-03





EX PARTE DEMARCUS LAMOND LEWIS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

IN CAUSE NUMBER 241-0230-04 FROM

THE 241ST DISTRICT COURT OF SMITH COUNTY




 Per curiam.

 O R D E R


 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex. Code
crim. Proc. art. 11.07. Applicant was convicted of the offense of possession of more than one gram
of cocaine and punishment was assessed at imprisonment for forty years. This conviction was
affirmed, Lewis v. State, No. 07-04-386-CR (Tex. App.- Amarillo, delivered May 18, 2005, no pet.)

 Applicant contends, inter alia, that his trial and appellate counsel were both ineffective in
failing to challenge the validity of the enhancement of punishment. The trial court has entered
findings of fact and conclusions of law that counsel was effective and that these grounds were raised
on appeal. However, we do not believe that those factual findings are supported by the record
because they do not include any findings concerning the validity of the enhancements, and the
appellate opinion did not address counsel's effectiveness nor anything concerning the enhancements
except for the timeliness of the notice regarding the enhancements. Additionally, the judgment,
docket sheet, and plea papers submitted in this record make no reference to any enhancement
allegations, and the clerk's record does not contain the notice pertaining to the enhancements.

 Applicant has alleged facts which, if true, might entitle him to relief. Therefore, additional
facts need to be developed and the trial court is the appropriate forum because this Court cannot hear
evidence. The trial court may resolve the factual issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from both trial and
appellate counsel for Applicant, or it may order a hearing. Any hearing is not limited to the above
factual issues if the court determines that other factual issues material to the legality of Applicant's
confinement should be resolved. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be represented
by counsel, the trial court shall then, pursuant to the provisions of Tex. Code Crim. Proc. art. 26.04,
appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact as to
when notice of enhancement was given; what investigation trial counsel conducted into the validity
of the prior convictions used to enhance the punishment range; whether Applicant was convicted of
both offenses used to enhance the punishment; the date of commission of the offenses underlying
those convictions and the date of convictions; and why appellate counsel did not raise any grounds
pertaining to the enhancements. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367, 334
S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will
be held in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within 90 days of the date of this order. (1) A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. (2) The record shall also be
supplemented with a copy of the notice that the State would seek to enhance punishment; with
portions of the reporter's record showing Applicant's plea to the enhancement and any evidence
offered to support the enhancement allegations; with any court documents referring to the
enhancement allegations; and with copies of the judgments for the convictions used to enhance
punishment.


 IT IS SO ORDERED THIS THE 10th DAY OF May, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.